IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JONATHAN KOTYK, | ) |
|    Plaintiff, | ) |
| v. | ) Case No: |
| | ) Judge: |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A, | ) Magistrate Judge: |
|    Defendants. | ) |

**COMPLAINT FOR UTILITY INVENTION PATENT INFRINGEMENT**

Plaintiff Jonathan Kotyk ("Plaintiff") hereby presents this action against the Partnerships and Unincorporated Associations identified in Schedule A, filed under Seal (collectively, "Defendants") and alleges as follows:

**JURISDICTION AND VENUE**

1. This court has original subject matter jurisdiction over the claims in this action under the provisions of the United States Patent Act, 35 U.S.C. § 1, et seq., 28 U.S.C. § 1338(a)-(b), and 28 U.S.C. § 1331.

2. The Honorable court is the proper venue under 28 U.S.C. § 1391 and may properly exercise personal jurisdiction over the Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including the State of Illinois, through the fully interactive, commercial Internet stores operating under the Online Marketplace

1

Accounts identified the Schedule A attached hereto (collectively, the "Defendants' Internet Stores"). Specifically, the Defendants are reaching out to do business with Illinois residents by operating one or more commercial interactive Defendants' Internet Stores, wherein Illinois residents can purchase products featuring the Plaintiff's patented utility invention. Each of the Defendants has targeted sales to Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and have, in fact, sold products featuring the Plaintiff's patented utility invention to residents of Illinois. Each of the Defendants commits tortious acts in Illinois, engaging in interstate commerce, and has wrongfully caused the Plaintiff substantial injury in the State of Illinois and the United States.

### INTRODUCTION

3. The Plaintiff filed the action to combat the online sellers who sell the same knock-off product that infringes upon Plaintiff's U.S. Utility invention Patent No. 7,527,314 ("**314 Patent") entitled "VEHICLE GAP GUARD" (attached as Exhibit A), filed on November 6, 2006, issued on May 5, 2009. The Defendants individually and collectively created the Defendants' Internet Stores by the dozens and created them to appear as if selling licensed products while actually and knowingly marketing, selling, and/or distributing the same knock-off products. The Defendants' Internet Stores sell the same knock-off products, establishing a logical relationship between them and suggesting that the Defendants' operation arise out of the same series of occurrences. Defendants attempt to conceal both their identities and the full scope and interworking of their operation. Plaintiff is forced to file these actions to combat the Defendants' continuous infringement of its patented utility invention. The Plaintiff has been and continues to be irreparably damaged and harmed by the loss of its patent rights to exclude others from making, using, selling, offering for sale, and importing its patented utility invention

because of the Defendants' actions and seeks temporary, preliminary, and permanent injunctive and monetary relief.

## THE BACKGROUND

4. Plaintiff Jonathan Kotyk is a resident of Atlantic Beach, FL (U.S.), and a citizen of the United States. Plaintiff is the assignee of U.S. Utility invention Patent No. 7,527,314 ("**314 Patent") entitled "VEHICLE GAP GUARD" (attached as Exhibit A), filed on November 6, 2006, and issued on May 5, 2009. A copy of the public notice of assignment is shown at Exhibit A-2.

5. Plaintiff entered into an assignment contract with the inventor of the **314 Patent, R. Dale Pelfrey, on December 29, 2023, and lawfully exercised his right as the patent assignee to sell, market, and distribute **314 Patent products.

6. The Plaintiff is the lawful assignee of all rights, title, and interest in the **314 Patent entitled "VEHICLE GAP GUARD" (attached as Exhibit A), filed November 6, 2006, issuing May 5, 2009.

7. The Plaintiff has established the product as the first to market, with a well-earned reputation for quality and innovation. An image of the claimed utility invention is shown in the image below:

3



8. A detailed claim analysis of Plaintiff's invention is provided at Exhibit C, presented under seal and incorporated herein by reference. As show in the **314 patent, the invention relates to an automotive design element used to fit into empty space within a vehicle. Defendants readily infringe the patented invention, as further shown in Exhibit C.

9. The Plaintiff has not granted a license or any other form of permission to Defendants with respect to the '**314 patented utility invention.

10. The Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China or other foreign and domestic jurisdictions. The Defendants conduct business throughout the United States, including within the State of Illinois and the Judicial District, through the operation of the fully interactive, commercial online marketplaces operating under the Defendants' Internet Stores. Each Defendant targets the United States, including Illinois, and has offered to sell, and, on information and belief, has sold and continues to sell knock-off products to consumers within the United States, including the State of Illinois. Defendants and their respective knock-off products are shown in Exhibit C (Sealed).

11. On information and belief, Defendants are an interrelated group of infringers working in active concert to knowingly and willfully make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use the <u>same</u> product that infringes the '**314 Patent and patented utility inventions in a series of occurrences. The tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for the Plaintiff to learn the Defendants' true identities and the exact workings of their network. If the Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

12. Plaintiff has not licensed or authorized Defendants to use the invention claimed in the **314 Patent, and none of the Defendants are authorized retailers of Plaintiff.

13. On information and belief, Defendants regularly create new online marketplace accounts on various platforms using the identities listed in Schedule A (Sealed) to the Complaint, as well as other unknown fictitious names and addresses. Such Defendants' Internet Stores registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their operation, and to avoid being shut down.

14. Although the Defendants operate under multiple fictitious names, there are numerous similarities among the Defendants' Internet Stores. The Defendants' Internet Stores include notable standard features, including the <u>same</u> product images, accepted payment methods, and checkout methods, metadata, illegitimate SEO tactics, lack of contact information, identically or similarly priced items and volume sales discounts, the <u>same</u> incorrect grammar, and misspellings, similar hosting services, and the use of the exact text and images, including content copied from Plaintiff's original product listings.

15. In addition to operating under multiple fictitious names, Defendants in the case and those

5

in other similar cases against online infringers employ a variety of common tactics to evade enforcement efforts. For example, infringers like the Defendants will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit. Infringers also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

16. Furthermore, infringers, such as the Defendants, typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways, allowing them to continue operations despite the Plaintiff's enforcement efforts, including take-down notices.

17. According to the online platform store owners' information, as shown on Amazon, TEMU, Walmart, and eBay websites, some of the Defendants can be identified via the Chinese official company registration system. They are registered companies, and the actual owners of those companies are in China. Most of the Defendants' companies only have 1 or 2 employees, and these employees are also the actual owners of the Defendants' companies.

18. Defendants, without any authorization or license from Plaintiff, have knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use products that infringe directly and/or indirectly the **314 Patent, and continue to do so via the Defendants' Internet Stores. Each of the Defendants' Internet Stores offer shipping to the United States, including Illinois. On information and belief, each Defendant has sold knock-off products into the United States, including Illinois.

19. Defendants' infringement of the **314 Patent, in the offering to sell, selling, or importing of the knock-off products, was willful.

20. Defendants' infringement of the **314 Patent and, in connection with the offering to sell, selling, or importing of the knock-off products, including the offering for sale and sale of knock-

off products into Illinois, is irreparably harming Plaintiff.

21. Regarding marking, Plaintiff has digitally marked its stores since at least November 6, 2006, and May 5, 2009.

## COUNT I INFRINGEMENT OF UNITED STATES UTILITY PATENT NO. 7,527,314 (35 U.S.C. § 171)

22. Plaintiff hereby re-alleges and incorporates by reference the allegations outlined in the preceding paragraphs.

23. Defendants offer for sale, sell, and/or import into the United States for subsequent resale or use knock-off products that infringe directly and/or indirectly the ornamental utility invention claimed in the U.S. Utility invention Patent No. 7,527,314 ("**314. Patent")

24. Defendants have infringed the **314 Patent through the acts described above and will continue to do so unless the court enjoins them. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions. Plaintiff is entitled to injunctive relief under 35 U.S.C. § 283.

25. Unless a preliminary and permanent injunction is issued enjoining Defendants and all others acting in concert therewith from infringing the **314 Patent, Plaintiff will be significantly and irreparably harmed.

26. The Plaintiff is entitled to recover damages adequate to compensate for the infringement, including the Defendants' profits, under 35 U.S.C. § 289. Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

27. That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

a. offering for sale, selling, and importing any products not authorized by Plaintiff and that include any reproduction, copy, or colorable imitation of the utility invention claimed in the patented utility invention; and

b. aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the patented utility invention; and

c. affecting assignments or transfers, forming new entities or associations, or utilizing any other device to circumvent or otherwise avoid the prohibitions outlined in Subparagraphs (a) and (b).

28. Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any online marketplace platforms such as eBay, Alibaba, Amazon, and Walmart, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, Internet search engines such as Google, Bing and Yahoo (collectively, the "Third Party Providers") shall:

a) disable and cease providing services being used by Defendants, currently or in the future, that engage in the sale of goods that infringe on the patented utility invention; and

b) disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using the patented utility invention; and

c) take all steps necessary to prevent links to the Defendants' Internet Stores identified on

Schedule A from displaying in search results, including, but not limited to, removing links to the Defendants' Internet Stores from any search index;

29. That Plaintiff be awarded such damages as it shall prove at trial against the Defendants that are adequate to compensate Plaintiff for infringement of the patented utility invention, and all of the profits realized by Defendants, or others acting in concert or participation with Defendants, from the Defendants' unauthorized use and infringement of the patented utility invention;

30. That Plaintiff be awarded from the Defendants, as a result of the Defendants' use and infringement of the patented utility invention, three times Plaintiff's therefrom and three times the Defendants' profits therefrom, after an accounting, under 35 U.S.C. § 284;

31. That Plaintiff be awarded its reasonable attorneys' fees and costs; and

32. Award any and all other relief that the court deems just and proper.

DATED: November 21, 2025

Respectfully Submitted:

Robert M. DeWitty
D&A|RM DeWitty, U.S. Pat. Atty., LLC

1500 K Street, 2nd Fl., RM213
Washington, D.C. 20005

1018 W. Madison Street, #5
Chicago, IL 60609
Tel: 202-571-7070 / 202 888-4309
Email: rmdewitty@dewittyip.com

9